IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**BRANDON SPARKS**                                                                                    **PLAINTIFF**

v.                                **Case No.: 4:22-cv-00319-LPR**

**MCDONALDS CO.**                                                                   **DEFENDANT**

## ORDER

Plaintiff Brandon Sparks brought this *pro se* suit under the Fair Labor Standards Act (FLSA),[1] vaguely and generally asserting overtime violations, harassment, and retaliation.[2] In screening the Complaint, I gave Mr. Sparks 30 days to address pleading deficiencies that needed attention—in particular, the specifics of who harmed him, the dates he was harmed, and who witnessed the harm.[3] Although Mr. Sparks timely filed a one-page Amended Complaint,[4] he has failed to offer any more specifics than were in his original Complaint. In fact, Mr. Sparks now abandons any FLSA claims and instead leans into his accusations of harassment and retaliation. However, he offers nothing but conclusory allegations.[5] He does not allege the type of specific facts that would state a viable claim. Mr. Sparks's case will be dismissed without prejudice for failure to state a claim.[6] The Court certifies that an *in forma pauperis* appeal from this Order and

---

[1] *See* 29 U.S.C. § 215.

[2] Complaint, Doc. 2.

[3] Order, Doc. 4.

[4] Amended Complaint, Doc. 5.

[5] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). For one example, while Plaintiff alleges that he "experienced gang violence from staff on a nightly basis," he never describes anything any employee supposedly did to him. Amended Complaint, Doc. 5. Instead, his "gang violence" allegation seems to be that McDonalds staff "use[d] gang slang while serving customers," which somehow put Plaintiff at risk of retaliation. *Id.* There are just not enough specifics here.

[6] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

accompanying Judgment would not be taken in good faith.[7]

    IT IS SO ORDERED this 5th day of August 2022.

                                             */s/ Lee P. Rudofsky*
                                             LEE P. RUDOFSKY
                                             UNITED STATES DISTRICT JUDGE

---

[7] *Id.* § 1915(a)(3).